# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. WINKELMAN, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 11-08E |
| vs. ) | |
| ) | |
| ARCHIE B. LONGLEY, Warden, ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

John F. Winkelman, Jr. ("Petitioner") is currently incarcerated at FCI-McKean, which is located within this judicial district, serving a life sentence for drug and firearms convictions obtained in 2003, imposed by the United States District Court for the Middle District of Pennsylvania. Petitioner has filed what purports to be a habeas petition pursuant to 28 U.S.C. §2241, seeking not to challenge the execution of his sentences but the validity of his convictions. Because Petitioner cannot show that a Section 2255 motion is inadequate or ineffective to test the validity of his convictions, the present petition must be dismissed as jurisdictionally improper. Petitioner simply fails to show why he could not have previously brought the claims that he now raises herein. Petitioner does not offer any new evidence that would establish his actual innocence of the crimes for which he was convicted.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 25, 2001, Petitioner was charged in the Middle District of Pennsylvania with multiple counts of drug and firearms crimes. U.S.A. v. John Winkelman, No. 4:01-cr-00304 (M.D. Pa.).

On June 18, 2003, a jury in the Middle District of Pennsylvania found Petitioner guilty of

1

seven counts related to narcotics trafficking and firearms charges. On December 12, 2003, the United States District Court for the Middle District of Pennsylvania ("the Sentencing Court") sentenced John Winkelman, Jr., to imprisonment for the remainder of his natural life. On May 18, 2006, the United States Court of Appeals for the Third Circuit ("the Court of Appeals") affirmed Petitioner's conviction and sentence. On February 23, 2007, Petitioner filed a motion and supporting brief under 28 U.S.C. § 2255 in the Sentencing Court. On March 10, 2008, the Sentencing Court denied Petitioner's Section 2255 motion. The Court of Appeals affirmed the Sentencing Court's denial of relief on July 10, 2008. On December 12, 2009, Petitioner filed with the Court of Appeals a motion pursuant to 28 U.S.C. § 2244, seeking permission to file a second or successive Section 2255 motion. The Court of Appeals denied Petitioner leave to file a second or successive Section 2255 motion on January 7, 2010 because "Petitioner has failed to make a prima facie showing that his new claims rest on a new rule of constitutional law or newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of his underlying offenses. See 28 U.S.C. §§ 2244(b)(2) & 2255(h)." In Re: John F. Winkelman, Jr., C.A. No. 09-4736 (3d Cir. Jan. 7, 2010).

On January 11, 2011, Petitioner, proceeding *pro se*, filed the instant petition ("the Section 2241 Petition"), without payment of the fee, which was formally docketed only after payment of the filing fee, ECF No. [3], along with a brief in support. ECF No. [4]. By means of the Section 2241 Petition, he seeks to attack the validity of his convictions, not the execution of his sentence. Warden Archie B. Longley ("the Respondent") filed an Answer, ECF No. [11], pointing out that the present petition is jurisdictionally improper because Petitioner cannot attack the validity of convictions via a Section 2241 petition because he cannot show, under the facts of

this case, that a Section 2255 motion is inadequate or ineffective to test the validity of his convictions. Petitioner filed a Traverse, arguing that he has established the inadequacy of a Section 2255 motion because he relies on newly discovered evidence, even though he readily concedes that it is not the kind of evidence that qualifies under Section 2255 to justify the filing of a second or successive Section 2255 motion. ECF No. [4] at 29 ("even though the Petitioner is claiming newly discovered evidence, . . . this newly discovered evidence is not enough that a jurist of reason would be able to find the Petitioner not guilty of the charges against him."). In other words, the Court takes this to be an admission that the so-called newly discovered evidence by Petitioner does not establish his actual innocence of the crimes for which he was convicted. After the Answer and Traverse were filed, this case was transferred to the undersigned. ECF No. [13].

All parties have consented to the Magistrate Judge's exercise of plenary jurisdiction in this case. ECF Nos. [6] and [9].

**II.     DISCUSSION**

Petitioner essentially raises three issues in the present petition.

I. Was the Petitioner's right to due process under the Fifth Amendment, violated by the illegal restraint of the assets of Bank Account #0367-1305-894 and the $86,935.00, which was seized from the Petitioner on the day of his arrest?

II. Was the Petitioner denied his Sixth Amendment right to counsel of his choice by the illegal restraint of the assets at Bank Account #0367-1305-894 and the $86,935.00, which was seized from the Petitioner on the day of his arrest?

III. Was the Petitioner denied his Sixth Amendment right to effective assistance of counsel?

ECF No. [4] at 4.

Petitioner's three arguments are based upon the following allegations. First, Petitioner alleges that the prosecution through ex parte filings prior to Petitioner being formally indicted, sought seizure of assets and in those filings prosecution agents lied and perjured themselves, wrongly stating that the assets sought to be seized were connected to Petitioner's drug activities. Petitioner avers that such alleged government misconduct violated his Fifth Amendment right to due process. The Court takes this to mean that Petitioner is claiming a violation of his substantive due process rights, i.e., that his right to fundamental fairness was violated by government wrongdoing. See, e.g., ECF No. [4] at 17 & 19. However, it may also be that Petitioner is making a procedural due process claim as well. Id., at 20 to 21 ("The Petitioner contends, that for the government to deliberately withhold these assets, such as the Bank Account in question and the $86,935.00 that was seized from him on the day of his arrest, from him throughout this case, **without a proper due process evidentiary hearing**, violated the Petitioner's rights under the due process clause of the Fifth Amendment . . . .") (emphasis added). Second, Petitioner further contends that the seizure of his assets prevented him from obtaining his counsel of choice and thus violated his Sixth Amendment right to counsel of his choosing and resulted in him having to accept a court appointed attorney. Lastly, Petitioner contends that this counsel who was appointed rendered ineffective assistance in a whole host of ways. ECF No. [4] at 23 to 23 to 26.

### A. Section 2241 vs. Section 2255

Petitioner seeks to attack the validity of his convictions. However, as a general rule, attacks by federal convicts on the validity of the conviction and/or on the validity of the sentence, as imposed (in contrast to a challenge to the sentence as administered, e.g., the application of credits to the sentence), are properly brought under a Section 2255 motion in the

federal district court where the federal prisoner was convicted and sentenced. In re Nwanze, 242 F.3d 521, 523 (3d Cir. 2001) ("ordinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court.").

In contrast, as a general rule, a petition under Section 2241 is properly brought where the federal convict is seeking to challenge the carrying out or the execution of his sentence (e.g., the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.) and is filed in the federal court of the judicial district where the federal convict is then incarcerated. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Bennet v. Soto, 850 F.2d 161 (3d Cir. 1988), superseded by statute on other grounds as recognized by, Callwood v. Enos, 230 F.3d 627 (3d Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). This is only a general rule and there are instances where a Section 2241 petition which attacks the validity of the conviction, as Petitioner herein does, and/or attacks the sentence as imposed, may properly be brought. However, a Section 2241 Petition, which attacks the validity of the conviction and/or the validity of the sentence as imposed may only be brought after it has been shown that Section 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255 (5th paragraph); In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997).

The statutory provisions governing this case provides in pertinent part that:

[a]n application for a writ of habeas corpus [i.e., a Section 2241 petition[1]] in

---

[1] Alamin v. Gerlinski, 30 F.Supp.2d 464, 467 (M.D. Pa. 1998) (construing the language "application for a writ of habeas corpus" to mean a Section 2241 petition, noting that the above quoted passage "allows the filing of a habeas (i.e., a 2241) petition when relief under section 2255 'is inadequate or ineffective to test the legality of [the] detention.'"); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999) (describing this quoted passage as "the limitation on the use of § 2241 petitions by federal prisoners that is set forth in § 2255").

> behalf of a prisoner who is authorized to apply for relief by motion [i.e., Section 2255 petition] pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.[2] Thus, before federal convicts can avail themselves of a Section 2241 petition in order to attack the validity of their conviction and/or the sentence, as imposed, they must show that section 2255 is inadequate or ineffective. Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000) ("Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.") (citations omitted). It is the burden of the Petitioner to prove that a motion under Section 2255 is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.")(per curiam). In this case, Petitioner has not met the requisite burden.

As explained below, petitioners cannot meet this burden of showing a Section 2255 motion is inadequate or ineffective merely by showing that they are prevented from passing through the gatekeeping requirements of 28 U.S.C. § 2255(h), which would permit them to file a second or successive Section 2255 motion. Instead, in order to establish that Section 2255 is inadequate or ineffective, petitioners must show that they are actually innocent of the crimes of conviction and that they had no prior opportunity to bring such a claim of being actually innocent

---

[2] This passage which permits an attack on the conviction or on the sentence, as imposed, via a Section 2241 petition where a Section 2255 petition would be inadequate or ineffective is commonly referred to as the "savings clause." Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000), or as the "safety valve." United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

of the crimes.

### 1. Failure to meet Section 2255(h) gatekeeping provision is insufficient

It is true that Petitioner cannot meet the gate keeping requirements of Section 2255(h)[3] and, therefore, cannot file another Section 2255 motion as the Court of Appeals has already rejected Petitioner's request for permission to file a second or successive Section 2255 motion when the Court of Appeals rejected his Section 2244 petition. In re John F. Winkelman, Jr., C.A. No. 11-2055 (3d Cir. 5/5/2011). However, just because Petitioner cannot meet the gatekeeping requirements, does not mean that he has established the inadequacy of the Section 2255 motion. In re Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." ); Pack v. Yussuf, 218 F.3d at 453 ("a section 2255 motion cannot become 'inadequate or ineffective,' thus permitting the use of [section] 2241, merely because a petitioner cannot meet the AEDPA second or successive requirements. To hold otherwise would flout Congress's obvious intent to give

---

[3] The gate keeping provision is found in 28 U.S.C. Section 2255(h), and permits a federal convict to seek leave of the Court of Appeals to file a second or successive Section 2255 motion in the sentencing court only under the limited circumstances as provided below:

> (h) A second or successive motion must be certified as provided in section 2244
> by a panel of the appropriate court of appeals to contain--
>   (1) newly discovered evidence that, if proven and viewed in light of
>   the evidence as a whole, would be sufficient to establish by clear and
>   convincing evidence that no reasonable factfinder would have found
>   the movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive to cases on
>   collateral review by the Supreme Court, that was previously
>   unavailable.

meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.") (internal quotations and citations omitted); Atkinson v. Zickefoose, __ F.App'x __, __, 2011 WL 3906710 at *1 (3d Cir. Sept. 7, 2011) ("The 'inadequate or ineffective' exception is narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999). Although showing that one cannot pass through the gatekeeping requirements may not be a sufficient condition in order to show Section 2255 is inadequate or ineffective, it would appear to be a necessary condition to establishing such, otherwise, if one can pass through the gatekeeping requirements, then one can bring a second or successive Section 2255 motion and there would be no need to attempt to bring a Section 2241 petition, except, perhaps, in order to avoid the other restrictive provisions of Section 2255, such as, the one year statute of limitations. Here, Petitioner has met that hurdle, insofar as he has been denied leave to file a second or successive 2255 motion by the Court of Appeals. However, this showing is not sufficient.

**2. Dorsainvil requires actual innocence plus no prior opportunity**

The Court of Appeals in the landmark case of In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997) explained what more is required in order to show that a Section 2255 motion is inadequate or ineffective so as to utilize a Section 2241 petition in order to attack the validity of a conviction.

The facts of Dorsainvil are well known and will not be repeated here. Essentially, as

8

recognized by other courts, the narrow holding of Dorsainvil, permits a Section 2241 petition to attack the validity of the conviction only where the petition raises a claim of actual innocence of the crime. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("To capture the idea that the incarceration of one whose conduct is not criminal 'inherently results in a complete miscarriage of justice', most circuits have included an actual innocence component in their savings clause tests. *See, e.g., ... Dorsainvil*, 119 F.3d at 251 ('prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate').")(internal quotations and some citations omitted); Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) ("*Bousley* makes it clear that the claims made by the petitioners in the *Davenport, Triestman,* and *Dorsainvil* cases were really just claims of 'actual innocence,' and the practical effect of the holdings in those cases was to permit a petitioner to make a claim of 'actual innocence' that was otherwise barred by AEDPA.... No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); In re Jones, 226 F.3d 328, 333 n.3 (4th Cir. 2000) ("Importantly, neither *Davenport, Triestman,* nor *Dorsainvil* holds that § 2255 is inadequate or ineffective on the basis that the movant's *Bailey* claim would satisfy pre-AEDPA abuse of the writ standards. Rather, these courts have focused on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress."); Lorentsen v. Hood, 223 F.3d 950, 953-54 (9th Cir. 2000 ) (referring to the holding of several cases, including Dorsainvil that deal with the savings clause, the court stated that "[a]lthough the precise formulations vary, each of those cases holds,

9

in essence, that a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.").

Thus, irrespective of the precise holding of Dorsainvil, it appears that the *sine qua non* of coming within the so-called Dorsainvil exception is a claim of actual innocence. While a claim of actual innocence appears to be a necessary condition for coming within the narrow Dorsainvil exception, it does not appear to be a sufficient condition, because run-of-the-mill actual innocence claims *a la* Schlup v. Delo, 513 U.S. 298, 327 (1995) or Herrera v. Collins, 506 U.S. 390 (1993) are not sufficient. See, e.g., Galloway v. Samuels, No. 07-3257, 2007 WL 2904196, *4 (D.N.J., Oct. 3, 2007) ("Under the circumstances presented here, Petitioner's claim of 'actual innocence' is not sufficient to overcome the gatekeeping mechanism of § 2255." ).

In order to come within the Dorsainvil exception, there must be not only a claim of actual innocence but a "claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute[,]" Pollard v. Yost, 406 F.App'x 635, 637 (3d Cir. 2011), *cert. den.*, 131 S.Ct. 3080 (June 27, 2011), which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal. See, e.g., Walker v. Williamson, 235 F.App'x 888, 889 (3d Cir. 2007) ("Further, the 'safety valve' by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. *See Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here."). While this seems to be the narrow rule

10

established in Dorsainvil, i.e., one who brings such a claim of actual innocence based on an intervening change of the law which occurred after a Section 2255 has been decided or the time for filing such has run out, has established the inadequacy of Section 2255, Dorsainvil does not answer the question of whether this is the **only** kind of claim of actual innocence that so establishes the inadequacy of Section 2255. Dorsainvil, 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable.").

This Court understands the holding of Dorsainvil to be narrow, i.e., where a United States Supreme Court decision construes a federal criminal statute so as to render conduct, which the federal convict was charged with and found guilty of under that statute, no longer criminal, and so the federal convict is actually innocent of the crime, and that Supreme Court decision comes at a time after the convict's direct appeals have been exhausted and after a Section 2255 motion has been filed and finally decided or after the time for filing a Section 2255 motion has expired, such that the convict could not have previously raised the claim of actual innocence, then Section 2255 is inadequate or ineffective so as to permit such a convict to properly bring a Section 2241 petition.[4]

### B. Petitioner does not come within the Dorsainvil exception

We find that Petitioner's arguments fail to bring him within the rationale underlying

---

[4] Cf. Wofford v. Scott, 177 F.3d 1236, 1243 (11th Cir. 1999) ("The holding in *Davenport*, read against the facts of that case, is limited to circumstances in which a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a nonexistent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental defect before filing the § 2241 proceeding.").

11

Dorsainvil. Petitioner's arguments fail under both the "inability to previously bring the claim" test of Dorsainvil as well as the "actual innocence" test of Dorsainvil.

### 1. Petitioner has not shown an inability to bring these claims earlier

Petitioner is now claiming that he has only recently discovered the evidence that the government agents perjured themselves in their ex parte filings (which were filed in October 2001 in Petitioner's criminal case) in order to have Petitioner's assets seized and thus he could not have previously brought these claims. Petitioner notes that it was only on August 4, 2009, when the Sentencing Court unsealed these ex parte filings that he was able to learn of the alleged perjury. ECF No. [4]. The Sentencing Court did so in response to a motion by the prosecution to unseal the ex parte filings, and the prosecution was moved to do so apparently by the Petitioner and/or his co-defendant brother filing a Freedom of Information Act claim seeking the information.[5] Petitioner does not explain why he did not or why he could not have filed a motion to unseal such records previously, or why he could not have sought such information via a Freedom Of Information Act request previously. Petitioner fails to explain why he could not have sought such information or the unsealing at the time of the filing of his Section 2255 motion. Thus, we find that Petitioner has not carried his burden to meet the "no inability to previously bring these claims" test of Dorsainvil.

Furthermore, Petitioner utterly fails to explain why, even without the information allegedly showing that the government agents lied in their ex parte filings, he could not have brought his claim that the seizure of his assets violated his purported Sixth Amendment right to

---

[5] We take judicial notice of the dockets of the Sentencing Court in Petitioner's criminal case, U.S. v. Winkelman, No. 4:CR-01-00304 (Pa.M.D. ECF No. [1107] (Government's Motion to unseal) & ECF No. [1108] (court order granting motion to unseal)), available on PACER at:
footnote continued

counsel of his choice. In other words, at the time of the seizure of his assets, he knew everything he needed to know to bring this Sixth Amendment claim. He knew that his assets were seized and he knew that he could not have counsel of his choice because the seizure of those assets. Hence, he knew all that he needed to know in order to bring his Sixth Amendment claim then. That the government agents allegedly lied in their ex parte filings in order to "wrongfully" obtain the seizure of Petitioner's assets is quite irrelevant to Petitioner's Sixth Amendment claim that his right to counsel of his choice was violated by the seizure of his assets.

To the extent that Petitioner would raise a procedural due process claim that he was denied a hearing, including any post deprivation hearing on the forfeiture of his assets, again, he knew shortly after the seizure of his assets, that he did not receive any such hearing and certainly by the time he filed his Section 2255 motion, he knew that he had been denied any such post-deprivation hearing. Hence, again, the allegedly newly discovered evidence of the alleged perjury is quite irrelevant to any procedural due process claim. Thus, Petitioner fails to explain why he could not have brought any procedural due process claim previously.

As for any substantive due process claim, i.e., it was fundamentally unfair that the government agents would allegedly lie in the ex parte filings in order to obtain seizure of the assets, we understand such a claim is, unlike the two just mentioned claims, dependent upon Petitioner knowing of the alleged lying. However, as we noted earlier, Petitioner utterly fails to show why he could not have filed a motion to unseal such records earlier than he did or otherwise file a Freedom of Information Act claim that prompted the government to file the motion to unseal. To the extent that Petitioner's third issue of the ineffectiveness of his trial

---

https://ecf.pamd.uscourts.gov/doc1/15512567407

counsel is dependent upon his appointed counsel's failure to obtain such information about the alleged lying of the government agents, the same reasoning obtains, Petitioner fails to explain why he could not have earlier filed a motion to unseal the ex parte filings so as to earlier discover such alleged ineffectiveness of his court appointed counsel.

Hence, Petitioner fails to come within the "no ability to previously bring the claims" test of Dorsainvil.

### 2. Petitioner fails to show actual innocence of the crimes

Alternatively, even if the evidence could be deemed "newly discovered" or even if we deemed that Petitioner could not have previously brought these claims, nothing in the so called new evidence establishes that Petitioner is actually innocent of the charges for which he was found guilty. In fact, Petitioner readily concedes as much when he declares: "Petitioner submits, that the evidence, which is considered newly discovered by him, would not be enough, that a jurist of reason would find him not guilty of the charges[.]" ECF No. [4] at 2. Hence, Petitioner cannot establish his "actual innocence" of the charges he was convicted of.

### III. CONCLUSION

Petitioner fails to establish either prong of the Dorsainvil test. Having failed to bring himself within the Dorsainvil rule, we do not find that Petitioner's circumstances justify recognizing any exception in addition to the Dorsainvil rule so as to permit him to file this Section 2241 petition in order to attack the validity of his convictions. Hence, this Section 2241 petition will be dismissed.

Accordingly, the following order is entered:

AND NOW, this 17th day of October 2011, the petition for writ of habeas corpus

ostensibly filed pursuant to 28 U.S.C. § 2241 is hereby DISMISSED as jurisdictionally improper.

                                                s/ Maureen P. Kelly
                                                Maureen P. Kelly
                                                U.S. Magistrate Judge

Date: October 17, 2011

cc:      JOHN F. WINKELMAN, JR.
         10506-067
         MCKEAN
         FEDERAL CORRECTIONAL INSTITUTION
         Inmate Mail/Parcels
         P.O. BOX 8000
         BRADFORD, PA 16701